OWEN, Chief Judge.
The railroad sought to have the city enjoined from collecting certain special assessments levied against the railroad’s property for sanitary sewer benefits. A summary judgment was entered in favor of the city.
Several years before the present suit was filed, the City of Hallandale, acting pursuant to F.S. Chapter 170, F.S.A., created “Sanitary Sewage Improvement District No. 3” the area improved being described as:
“All that area west of Federal Highway (U.S. No. 1) east of the Florida East Coast Railway, and bounded on the north and on the south by the corporate limits of the City of Hallandale.” (Emphasis Supplied.)
In due course, the area within the district specially benefited by the improvement was assessed and the improvement completed. In every instance of a resolution or notice, the property within the improvement district to be assessed was described as above set forth. Appellant’s two parcels were assessed $4,988.02 and $524.95, respectively.
 Appellant’s suit sought (1) a determination that such assessments were invalid and (2) an injunction against the city’s efforts to collect the same. The two parcels assessed were each 50 feet in width, one extending 1250 feet south of Hallandale Beach Boulevard, and the other extending 130 feet north of the same street, both parcels being west of Federal Highway (U.S. No. 1) and immediately east of the railroad’s tracks within the corporate limits of the City of Hallandale. The issue was (and remains) whether the description used in the resolutions and notices included or excluded these two parcels. The parties are in accord that the description was not intended to include the railroad’s right-of-way, as such generally would not be subject to special assessment for local improvement benefits. At the same time, appellant concedes that railroad property other than the right-of-way is subject to special assessments where it is specially benefited by a public improvement. Atlantic Coast Line R. Co. v. City of Gainesville, 1922, 83 Fla. 275, 91 So. 118. Thus, the issue is narrowed to whether the two parcels in question were a part of the railroad right-of-way. We are of the opinion that this is a factual question.
In support of its motion for summary judgment, the city offered in evidence a plat of the area and the affidavit of the city clerk to establish that this particular property consisted of a block of lots adjacent to the right-of-way, which lots were available for use for depot or other com *293 mercial or industrial uses. Opposing such was the evidence offered by the appellant railroad including its valuation maps, property returns to the Florida Department of Revenue, and affidavit of one of its officials from which it could be inferred that the property was, in fact, a part of the right-of-way. There was thus presented a genuine issue of a material fact. While the trial court might have been justified in concluding that the appellee’s evidence was more persuasive on the issue, nonetheless disposition of the case via summary judgment was error.
Reversed and remanded for futher proceedings.
WALDEN and CROSS, JJ., concur.